IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GENESIS SNIPES, <br><br> Plaintiff, <br><br> v. <br><br> STS USA, INC., <br> doing business as Buckhead Chevron, <br><br> Defendant. | CIVIL ACTION FILE NO. <br> 1:24-cv-00700-SDG-LTW |

## SCHEDULING ORDER AND GUIDELINES

This matter is before the Court on the parties' Joint Preliminary Report and Discovery Plan ("JPRDP"). [Doc. 11]. On review, the Court **ORDERS** that the time limits for adding parties, amending the pleadings, and filing motions are as stated therein. Discovery will end on **September 9, 2024.** Motions for summary judgment must be filed by **October 9, 2024** and if the parties do not move for summary judgment, the Proposed Consolidated Pretrial Order will be due that day. If a motion for summary judgment is filed, the Consolidated Pretrial Order will be due thirty days after the District Court's ruling on the motion if there are matters left to be tried.

The parties are **ORDERED** to comply with (1) the Federal Rules of Civil Procedure; (2) the Local Rules and Instructions Regarding Pretrial

and practices of Magistrate Judge Linda T. Walker. Questions can be directed to Judge Walker's courtroom deputy or law clerk at 404-215-1370.

I.     **GUIDELINES FOR MOTIONS PRACTICE**

   A.     **General Principles of Motions Practice**: Except for motions made in open Court, all requests must be made by written motion filed on the docket, detailing the relief requested, and providing the reasons therefore. LR 5.1A(1), N.D. Ga. Sending a document or pleading to the Court or the Clerk's Office via email is improper. Id. App. H at A4; see also id. App H at A10. Similarly, parties may not make oral requests by telephone. The only exception to this rule is discussed below in Section II(D)(1) pertaining to requests for pre-motion discovery conferences.

   B.     **Extensions of Time**: Requests to extend deadlines must be made before the deadline. LR 26.2B, N.D. Ga. Extensions of time will be granted only if the circumstances on which the request is based did not previously exist or could not have been anticipated. Requests for extensions of time must state: (1) the original (and if applicable, current) deadline; (2) the number of previous requests for extensions; (3) whether previous requests were granted or denied; and (4) whether the adversary consents, and if not, the reasons given by the adversary for refusing to consent. A

consent motion to extend deadlines should be designated as such, and a proposed order should be filed along with the motion.

      C.    **Page Limits for Briefs**: A brief in support of a motion or a response to a motion cannot exceed 25 double-spaced pages in length. A reply brief may not exceed 15 double-spaced pages.

      D.    **Sur-reply Briefs:** Absent prior written permission, parties may not file a sur-reply. A party seeking permission to file a sur-reply must file a motion, a proposed order, and the proposed sur-reply.

      E.    **Requesting Additional Pages:** Absent prior written permission, parties may not file a document that exceeds the page limitations set forth in this order. A motion requesting additional pages must be filed, along with a proposed order, before the date the filing is due. The motion must explain why the party cannot comply with the applicable page limitation.

      F.    **Citations to Facts in Briefs:** Because "[i]t should be the party's responsibility to direct the Court's attention separately to each portion of the record which supports each of the party's distinct arguments," every factual statement made in the parties' briefs should be followed by a citation to the record. Dickson v. Amoco Performance Prods., Inc., 845 F. Supp. 1565, 1570 (N.D. Ga. 1994). Citations should

3

include specific page or paragraph numbers.  In summary judgment briefs, the parties must cite directly to the evidence supporting their position; the parties should not cite a statement of material facts or response.

      **G.**    **Filing Matters Under Seal**: Materials will be sealed only by Court order. Federal common law recognizes the public's right of access to judicial records and documents.  Chicago Trib. Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001) ("The common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process."); see also Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992) ("Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case.").  Thus, the Court will, in general only seal those items enumerated in the Court's Standing Order 04-02 regarding sensitive information.[1]  Otherwise, the party asserting that briefs or other materials should be sealed must demonstrate "good cause for sealing."  N.D. Ga. Loc. R. App. H at A18–19.  Additionally, parties "generally should not request sealing of an entire filing but only those portions of the filing for which there is legal authority to seal."  Id.

---

[1] Material filed with discovery motions can, generally, be sealed because it "is not subject to the common-law right of access." Chicago Tribune, 263 F.3d at 1312.

Appendix H to the Local Rules and the Court's website provide instructions for how to file documents under seal. N.D. Ga. Loc. R. App. H at A19–21; see also *Procedures for Electronic Filing Under Seal in Civil Cases*, available at http://www.gand.uscourts.gov/cv-sealed-procedures. The Procedures for Electronic Filing Documents Under Seal only apply to attorneys. *Pro se* parties must manually file a motion to seal with the Clerk's Office. The material subject to the seal request should be attached as an exhibit to the motion. The Clerk will enter the motion on the docket under a provisional seal, without public viewing access.

Briefs that reference sealed materials should be redacted, rather than sealed in their entirety. In such situations, parties are to file a public, redacted version of their brief, and a sealed, unredacted version of the brief for the Court's consideration. Absent exceptional circumstances, the Court's orders are not sealed. The Court may refer to matters contained in the sealed materials as necessary, regardless of any confidentiality agreement between the parties.

**H.** **Document Type Limitations**: Filings prepared on a computer—including a statement of material facts, response to statement of material facts, or brief—must use one of the fonts approved in LR 5.1(C). Documents prepared on a

5

typewriter may not be printed in a font that produces more than ten characters per inch. See L.R. 5.1(C), N.D. Ga.

## II. GUIDELINES FOR DISCOVERY PRACTICE

A. **General Principles of Discovery**: The parties must understand the restrictions on the scope of discovery and the good faith obligations implicit in Rule 26. The Court encourages the use of direct and informal communication to facilitate discovery and resolve disputes. The Court expects counsel and *pro se* litigants to demonstrate courtesy, candor, and common sense. The system of civil adjudication would grind to a halt if the Court was forced to intervene in even a modest percentage of discovery transactions. Parties should strive to be cooperative, practical, and sensible, and should turn to the courts (or take positions that force others to turn to the courts) only in extraordinary situations that implicate significant interests.

B. **Discovery Deadlines**: The deadline for completing discovery is the last date for filing discovery responses and supplements unless otherwise specified by the Court. To be timely, therefore, discovery requests must be served sufficiently in advance (usually at least thirty days before) of the discovery deadline.

C. **Supplementing Discovery Responses**: Rule 26(e) requires that initial disclosures and discovery responses, including expert reports and depositions, be

supplemented or corrected if the information is incorrect or incomplete. The Court urges the parties to ensure that, before close of discovery, all prospective witnesses are identified in the initial or supplemental disclosures. Failure to comply with the duty to supplement may result in exclusion of evidence or witnesses.

**D.     Resolving Discovery Disputes**:

1.     Pre-Motion Conference.   The parties are required to confer, by telephone or in person, in good faith before bringing a discovery dispute to the Court. See Fed. R. Civ. P. 26(c)(1) and 37(a)(1); LR 37.1A(1), N.D. Ga. The duty to confer is NOT satisfied by sending a written document, such as a letter, email, or fax, to the adversary unless repeated attempts to confer fail because of the conduct of the adversary. If the parties are unable to informally resolve the discovery dispute, they should arrange a conference with the Court through the courtroom deputy or law clerk. If the dispute cannot be resolved during the conference, the Court will direct further proceedings. Without extraordinary circumstances, motions arising out of a discovery dispute should not be filed without a prior conference with the Court.

2.     Brief Statement of Contested Issues.   Prior to the conference, the Court may ask the parties to submit a short statement of no more than two double-spaced pages providing an overview of the contested issue(s). The statement should

inform the Court of the nature of the dispute(s) and avoid discussion of general discovery principles. The Court will disregard any references to historical discovery disputes and any disparaging remarks about either party.

   3. <u>Sanctions</u>.  If sanctions are sought, the motion should include a declaration and documentation supporting the amount requested.

  **E.** **<u>Consent Protective/Confidentiality Orders</u>**: Rather than file the original and a duplicate with the clerk, consent orders may be submitted to the Court in chambers. The Court will not sign a protective or confidentiality order that permits the parties to automatically file documents under seal. To file documents under seal, the parties must file a motion in accordance with the procedures outlined above.

**III.** **<u>GUIDELINES FOR SUMMARY JUDGMENT PRACTICE</u>**

  **A.** **<u>Statement of Material Facts</u>:** Under Local Rule 56.1B, a party moving for summary judgment must include a statement of material facts about which there is no genuine issue to be tried. Each fact must be numbered, with only one sentence per number. A citation to the record must follow each fact. The citation must identify the specific location of the evidence, such as a page number in an exhibit, the paragraph number in an affidavit, the pages and lines in a deposition, or the start and stop time in

a recording. Statements containing legal conclusions will not be considered. The statement of material facts <u>shall not exceed 15 double-spaced pages</u>.

      **B.**     **Response to Statement of Material Facts:** The non-moving party must respond to the moving party's statement of material facts. The response must restate the fact being responded to, and the non-moving party shall then respond by admitting or denying the fact. The party must explain the reason for a denial and provide citation(s) to the record supporting the denial. Facts that the non-moving party does not dispute by citing a relevant portion of the record are admitted. <u>See</u> L.R. 56.1(B)(2), N.D. Ga. The response to the moving party's statement of material facts <u>shall not exceed 30 double-spaced pages</u>.

      **C.**     **Non-Movant's Statement of Additional Material Facts:** The non-movant's statement of additional material facts <u>shall not exceed 15 double-spaced pages</u> and must comply with the guidelines set out in Section III(A). The moving party must respond to the non-movant's statement of additional material facts, and the response must comply with the requirements set out in Section III(B).

      **D.**     **Filing Depositions.** Any deposition referenced by either party must be filed with the Court. The <u>complete</u> deposition must be filed, including <u>all</u> exhibits introduced during the deposition.

      **E.**    **Filing Other Evidence**.  Other evidence should be labeled so that the Court can easily locate the document being referenced.  LR 56.1B(3), N.D. Ga.

## III. CONCLUSION

The undersigned **ORDERS** the parties to adhere to the deadlines and instructions above.  Failure to comply may result in the imposition of sanctions.  The Clerk is directed to submit this action by **October 11, 2024,** if the parties have not filed a Motion for Summary Judgment or Proposed Consolidated Pretrial Order.

**SO ORDERED**, this 20th day of May, 2024.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE